PETER A. WALKER
LORI M. MEYERS
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

Attorneys for Defendants

UNITED STATES DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEAF O'NEAL, ALEXIS UBIERA, and IVAJLO           :
MILANOV, Individually and on Behalf of all        :
others similarly situated,                        :    11-CIV-2633 (PAC) (MHD)
                                                  :
                    Plaintiff,                    :
                                                  :
   -against-                                      :    **ANSWER AND AFFIRMATIVE**
                                                  :    **DEFENSES TO THE PUTATIVE**
FREM GROUP, L.P., STAMFORD CLUB                   :    **CLASS ACTION COMPLAINT**
MANAGEMENT, INC., YORKTOWN CLUB                   :
MANAGEMENT, INC., WESTCHESTER                     :
INDOOR TENNIS CORPORATION,
STAMFORD INDOOR TENNIS
CORPORATION, ELIZABETH GAGLIARDI,
ROSEANN GAGLIARDI, FRANK GAGLIARDI
and JOHN DEFILLIPO,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Defendants FREM Group, L.P. ("FREM"), Stamford Club Management Inc. ("Stamford Management"), Yorktown Club Management, Inc. ("Yorktown Management")(collectively the "management companies"), Westchester Indoor Tennis Corporation ("Westchester"), Stamford Indoor Tennis Corporation ("Stamford") (all collectively, the "Corporate Defendants"), Elizabeth Gagliardi, Roseann Gagliardi, Frank Gagliardi and John DeFillipo ("DeFillipo"), (collectively, the "Individual Defendants") (collectively, "Defendants") file this answer and other defenses to Plaintiffs' Leaf O'Neal ("O'Neal"), Alexis Ubiera ("Ubiera") and Ivajlo Milanov's

13453361v.1

("Milanov") putative class action Complaint:

## INTRODUCTION

1. The allegations contained in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring a collective and class action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") on behalf f certain individuals who are not parties to this action. Defendants deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action and further deny that a class and/or collective action is appropriate in this case. Answering further, Defendants deny the remaining allegations contained in paragraph 1 of the Complaint, except that Yorktown Management admits that O'Neal worked for that entity as a tennis professional and Stamford Management admits that Ubiera worked for that entity as a tennis professional.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit that Plaintiffs purport to seek the relief identified therein.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiffs O'Neal and Milanov purport to bring this action as a New York statewide class action.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 28 U.S.C. § 1367(a).

6. The allegations contained in paragraph 6 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that two of the Plaintiffs worked within Westchester County.

7. Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required.

## THE PARTIES

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether O'Neal is residing in the State of New York. Answering further, O'Neal was employed as a tennis professional at Solaris Sport and Racquet Club, formerly known as Westchester Indoor Tennis Club and at Solaris Sports Club formerly known as Match Point Tennis and Fitness in Yorktown, New York.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Ubiera is residing in the State of Connecticut. Answering further, Ubiera was employed as a tennis professional.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Milanov is residing in the State of New York. Answering further, Milanov was employed as a tennis professional at Solaris Sport and Racquet Club, formerly known as Westchester Indoor Tennis Club.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint and aver that FREM Group LP, a limited partnership was the predecessor in interest to The FREM Group LLC, a limited liability company with a principal place of business at 45 Knollwood

Road, Elmsford.  Answering further, The FREM Group LLC is not involved in personnel matters for any management companies.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that Stamford Management is a New York corporation with its corporate offices at 45 Knollwood Road, Elmsford, New York.

16. The allegations contained in paragraph 16 of the Complaint do not require a response.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that Elizabeth Gagliardi has an ownership interest in The FREM Group, Stamford Management and Yorktown Management, and that she plays a role in implementing and enforcing wage and hour policies for the management companies.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that Roseann Gagliardi has an ownership interest in The FREM Group, Stamford Management and Yorktown Management.

19. Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that Frank Gagliardi has an ownership interest in The FREM Group, Stamford Management and Yorktown Management.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, and aver that John DeFilippo is the Director of Tennis for the clubs located in Yorktown, Hawthorne and Stamford.

21. The allegations contained in paragraph 21 of the Complaint do not require a response.

## STATEMENT OF FACTS

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that the management companies operate the sports clubs two of which are located in Westchester County and one of which is located in Stamford Connecticut and that the FREM Group and the management companies maintain their corporate offices at the same address in Elmsford.

23. The allegations contained in paragraph 23 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint assert a legal conclusion to which no response is required.

27. The allegations contained in paragraph 27 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of the Complaint, except admit that Stamford Management and Yorktown Management employed at least one of the named plaintiffs.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that two of the Plaintiffs provided tennis instruction at various sports clubs operated

by Yorktown Management and Stamford Management and deny knowledge or information sufficient to form a belief as to whether any unidentified person who may claim to be a member of the putative classes was employed by any of said management companies.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Plaintiffs were paid on an hourly basis by the management companies and deny knowledge or information sufficient to form a belief as to whether any unidentified person who may claim to be a member of the putative classes was employed by any of the management companies.

31. Defendants admit the allegations contained in paragraph 31 with respect to the Plaintiffs and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to the putative class members.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that each management company had the power to hire and fire the employees that worked for said company, as well as determine their compensation and that certain of the individual defendants could take such actions.  Answering further, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to any unidentified person who may claim to be a member of the putative classes.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint except admit that Plaintiffs performed services at the premises of the club where they worked. Answering further, Defendants deny knowledge and information sufficient to form a belief as to

the truth of the allegations with respect to any unidentified person who may claim to be a member of the putative classes.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, except admit that Plaintiffs were asked to attend certain meetings of the tennis professionals. Answering further, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to any unidentified person who may claim to be a member of the putative classes.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint, except admit that Plaintiffs used tennis courts, tennis balls, tennis machines, and had access to offices and computers that were owned by the management companies. Answering further, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to any unidentified person who may claim to be a member of the putative classes.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint, except admit that the management companies set the rates for tennis instruction and were in charge of billing their members. Answering further, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to any unidentified person who may claim to be a member of the putative classes.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, except admit that in February 2011 tennis professionals working at the Hawthorne facility

became employees and had a compensation cut of ten percent.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that Plaintiffs did not receive overtime compensation and aver that Plaintiffs did not earn and were not eligible for overtime compensation.

48. The allegations contained in paragraph 48 of the Complaint assert a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint, except admit that O'Neal and Milanov and any putative class members were not paid spread of hours pay and aver that they were not eligible or entitled to spread of hours pay.

50. The allegations contained in paragraph 50 of the Complaint assert a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny that  O'Neal and Milanov and any putative class members were eligible or entitled to spread of hours pay.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

## THE CLASSES

53. Defendants admit that Plaintiffs purport to bring this action on behalf of an FLSA class and a New York Class as alleged in paragraph 53 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

54. The allegations contained in paragraph 54 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs purport to bring their FLSA claims as a collective action.

55. The allegations contained in paragraph 55 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs purport to bring their FLSA claims on behalf of tennis professionals who worked for the sports clubs at any time from three years prior to the filing of the Complaint until entry of judgment.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint, except admit that the management companies employed tennis professionals other than the Plaintiffs.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the state of Plaintiffs' knowledge as alleged in paragraph 58 of the Complaint, except deny that the number of putative class members exceed forty and admit that the management companies maintain records of their own employees.

## CLASS ACTION ALLEGATIONS

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the state of Plaintiffs' knowledge as alleged in paragraph 60 of the Complaint, except deny that the number of putative class members exceed thirty and admit that the management companies maintain records of their own employees.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint, except admit that O'Neal and Milanov were employed by the management companies which operated the facility where they worked and aver that that neither O'Neal nor Milanov worked more than forty hours per week.

63. The allegations contained in paragraph 63 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 63 (a) through (i) of the Complaint.

## FIRST CLAIM FOR RELIEF UNDER THE FLSA AGAINST ALL DEFENDANTS

64. Defendants repeat and reallege their answers to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs will do as alleged in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that tennis professionals working at the Hawthorne facility are employees of the management company for which they work.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendant deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

## SECOND CLAIM FOR RELIEF UNDER THE NEW YORK LABOR LAW AGAINST ALL DEFENDANTS EXCEPT STAMFORD INDOOR TENNIS CORPORATION

73.     Defendants repeat and reallege their answers to paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.     The allegations contained in paragraph 74 of the Complaint assert a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 74 of the Complaint except admit that O'Neal and Milanov worked at the clubs in New York.

75.     The allegations contained in paragraph 75 of the Complaint assert a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that tennis professionals employed at the Hawthorne facility are now classified as employees.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

## PRAYER FOR RELIEF

79.     Defendants deny that Plaintiffs and the putative class members are entitled to any of the relief set forth in the Wherefore clause contained on pages 14-15 of the Complaint.

Unless and to the extent expressly admitted herein, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

11

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons who they purport to represent, or to whom they purportedly are similarly situated.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and thus, this action cannot be maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs', the prospective opt-in plaintiffs and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations, and New York state law and its regulations.

### SIXTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, based on Defendants' expectations for the jobs, Plaintiff, the prospective opt-in plaintiffs and/or the putative class members are exempt from overtime pay.

### SEVENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiffs, the prospective opt-in plaintiffs and/or the putative class members are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

13453361v.1

**EIGHTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, some or all of Plaintiffs', the prospective opt-in plaintiffs and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, some or all of Plaintiffs, the prospective opt-in plaintiffs and/or the putative class members' claims are barred by the doctrines of laches, waiver and or accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs, the prospective opt-in plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class or collective action under FLSA § 201 or under Rule 23 of the Federal Rules of Civil Procedure.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants state, in the alternative if necessary, that its actions with respect to Plaintiffs, the prospective opt-in plaintiffs, any other purported similarly situated worker, and/or putative class members, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling approval, interpretation, and/or administrative practice or policy pursuant to applicable state and/or federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants state, in the alternative if necessary, that its actions with respect to Plaintiffs, the prospective opt-in plaintiffs, any other purported similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with applicable state and/or federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants state, in the alternative if necessary, that even if they in fact failed to pay unidentified individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they have failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some of the Corporate and Individual Defendants are not employers under the law and therefore are not proper parties to this action.

WHEREFORE, Defendants demand judgment in their favor:

(a) denying Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants its costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

13453361v.1

Dated: New York, New York
       June 20, 2011                      SEYFARTH SHAW LLP

                                        By s/ Peter A. Walker
                                            Peter A. Walker [pwalker@seyfarth.com]
                                            Lori M. Meyers [lmeyers@seyfarth.com]
                                    620 Eighth Avenue, 32nd Floor
                                    New York, New York  10018
                                    Phone:  (212) 218-5500
                                    Fax:  (212) 218-5526

                                    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2011, I electronically filed the foregoing Answer and Affirmative Defenses to the Putative Class Action Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

>Adam Gonnelli, Esq.
>Faruqi & Faruqi LLP
>1369 Lexington Avenue, 10th Floor
>New York, New York
>agonnelli@faruqilaw.com
>
>*Attorney for Plaintiffs*
>
>                         s/ Peter A. Walker
>                         Peter A. Walker